IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | Civ. No. 05-1218-T/An |
| VS. | ◊ | Crim. No. 02-10007-1-T |
| | ◊ | |
| JACK RAY AUSTIN, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION FOR RECUSAL
ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Jack Ray Austin, Bureau of Prisons inmate registration number 18877-076, an inmate at the Federal Correctional Institution in Memphis, filed another *pro se* motion pursuant to 28 U.S.C. § 2255 on August 1, 2005, accompanied by an affidavit of bias.

On January 28, 2002, a federal grand jury returned a four-count indictment against Austin and a codefendant, Tyree Shauntize Hicks a/k/a Tyree Marlow. The first count charged that, on or about January 8, 2002, Austin and Hicks, aided and abetted by each other, took from the person and presence of another approximately $2680.01 belonging to the Union Planters Bank by force, violence, and intimidation, and with assaulting and

putting in jeopardy the life of another person by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The second count charged that Austin and Tyree, aided and abetted by each other, brandished a firearm during the armed bank robbery alleged in count 1, in violation of 18 U.S.C. §§ 924(c)(4) and 2. The third count charged that, on or about October 26, 2001, Austin took from the person and presence of another approximately $10,244 belonging to the Union Planters Bank by force, violence, and intimidation, and with assaulting and putting in jeopardy the life of another person by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) & (d). The fourth count charged that Austin brandished a firearm during the armed bank robbery alleged in count 3, in violation of 18 U.S.C. §§ 924(c)(4). Pursuant to a written plea agreement, on June 7, 2002 Austin enter a plea of guilty to the first two counts of the indictment.

The Court conducted a sentencing hearing on January 3, 2003, at which time Austin was sentenced to consecutive terms of imprisonment of 66 months on count 1 and 84 months on count 2, for a total term of imprisonment of 150 months, to be followed by a 5-year period of supervised release. Counts 3 through 4 of the indictment were dismissed at the sentencing hearing on the motion of the Government. Judgment was entered on January 8, 2003. Austin did not file a direct appeal.

On September 17, 2004, Austin filed a document in his closed criminal case, entitled "Judicial Notice of Intent in re Blakely v. Washington, 124 S. Ct. 2531 (2004)," in which he stated his intent to file a motion at some time in the future seeking relief on the basis of

the Supreme Court's decision in Blakely. Austin filed a § 2255 motion on November 17, 2004 in which he asserted that he is entitled to relief on the basis of Blakely. The Court issued an order on June 21, 2005 denying the § 2255 motion both as time barred and on the merits and denying a certificate of appealability. Austin v. United States, No. 04-1302-T/An (W.D. Tenn.). Judgment was entered on June 24, 2005. Austin did not appeal. He did, however, file an affidavit of bias and prejudice against this judge on June 29, 2005. The Court issued an order on July 18, 2005 denying the recusal motion.

Austin filed a second § 2255 motion on August 1, 2005, accompanied by an affidavit of bias in which he asserts that this judge stated that "he was going to give the petitioner some additional months because he believes the petitioner committed some other bank robberies that he had gotten away with." Affidavit of Bias at 1. The Court will address the recusal motion before proceeding to the merits of the § 2255 motion.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

3

|     |     |
| --- | --- |
| | proceeding; |
| (2) | Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; |
| (3) | Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; |
| (4) | He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; |
| (5) | He or his spouse . . . : |
| | (i) Is a party in the proceeding . . . ; |
| | (ii) Is acting as a lawyer in the proceeding; |
| | (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; |
| | (iv) Is to the judge's knowledge likely to be a material witness in the proceeding. |

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subject view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related

4

cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The motion filed by Austin does not state any ground that would require this judge to recuse himself.[2] The statement that forms the basis for this motion occurred during the sentencing hearing in Austin's criminal case in connection with the selection of a sentence within the guidelines range of 57 to 71 months on the bank robbery count. During that discussion, the Court listed the factors in favor of a lesser sentence, including the facts that the defendant's raw score was at the low end of the relevant criminal history category, the relatively low dollar loss, and the fact that Austin had, at least to some extent, provided assistance to the Government. The Court also discussed the factors supporting a higher

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

[2] Although the document submitted by Austin is entitled an affidavit, it does not comply with § 144 because it is not sworn to under penalty of perjury and is not accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Moreover, § 144 also provides that "[a] party may file only one such affidavit in any case." As previously noted, see supra p. 3, Austin filed a recusal motion in his first collateral challenge to his conviction. It seems likely that Austin has filed this second § 2255 motion in order to circumvent that statutory limitation.

5

sentence, including the fact that, pursuant to the plea agreement, count 3, which pertained to the October 26, 2001 bank robbery, had been dismissed. The Court's statement, which was based on information in the indictment and presentence report, is judicial rather than extrajudicial and, therefore, does not provide a basis for recusal.

Accordingly, the Court DENIES the recusal motion.

With respect to the substance of the § 2255 motion, Austin's latest motion raises the following issues:

1. Whether the sentence imposed was inconsistent with the Fifth and Sixth Amendments in light of Blakely; and

2. Whether he is actually innocent of the firearm offense because the indictment failed to allege the firearm type.

It is necessary, as a threshold matter, to consider whether the Court may consider this motion without prior authorization from the Sixth Circuit. Paragraph 8 of § 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." See also 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.").

In this case, Austin argues that he is not required to comply with the provisions of 28

6

U.S.C. § 2244 in light of the Supreme Court's decision in <u>Dodd v. United States</u>, 125 S. Ct. 2478 (2005), which held that the one-year limitations period applicable to § 2255 motions commences to run on the date on which the Supreme Court "initially recognized" the right asserted in the motion, rather than the date on which the right is "made restroctiv[e]." Austin does not explain, however, how the decision in <u>Dodd</u> is helpful to him. For the reasons that follow, the Court concludes that <u>Dodd</u> has no application here.

First, as was discussed at length in the order dismissing in Austin's first § 2255 motion, the decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and the Supreme Court's subsequent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which Austin does not cite, have not been made retroactively applicable to cases on collateral review. <u>Austin v. United States</u>, No. 04-1302-T/An (W.D. Tenn.), 6/21/05 Order at 5 n.1. For that reason, the Sixth Circuit has held that <u>Blakely</u> and <u>Booker</u> issues may not be raised in § 2255 motions. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005). Second, even if Austin's argument were accepted, and the limitations period began running when the Supreme Court issued its decision in <u>Blakely</u> on June 24, 2004, Austin signed this motion on July 18, 2005 and, even if it is deemed to have been filed on this date, it is still time barred. Third, Austin has not explained why this argument could not have been raised on appeal or in a motion pursuant to Fed. R. Civ. P. 60(b)(1) in case no. 04-1302. The decision in <u>Dodd</u> does not alter the fact that prisoners ordinarily are entitled to file only one § 2255 motion.

The Court therefore concludes that this motion is plainly second or successive. The next issue to be considered is whether it should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3) and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Pursuant to 28 U.S.C. § 2244(b)(1), any claim presented in a second or successive motion that was presented in a previous application "shall be dismissed." See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1998) (assuming, in *dicta*, that § 2244(b)(1) is applicable to second or successive § 2255 motions); see also White v. United States, 371 F.3d 900, 901 (7th Cir. 2004) ("It would be odd if Congress had intended that a federal prisoner could refile the same motion over and over again without encountering a bar similar to that of section 2244(b)(1), and we have therefore held that 'prior application' in that section includes a prior motion under section 2255."). The first issue raised in this motion, consisting of a challenge to Austin's sentence in light of Apprendi, was raised in his first § 2255 motion. The second issue, about the failure of the indictment to allege the firearm type, was also raised in his first § 2255 motion. Austin v. United States, No. 04-1302-T/An (W.D. Tenn.), 6/21/05 Order at 7 n.5. ("[N]othing in 18 U.S.C. § 924(c) requires that the firearm at issue be identified by make, model, and caliber.").

The Court therefore DISMISSES this motion pursuant to 28 U.S.C. § 2244(b)(1).

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of

8

appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do

9

> not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Miller-El, 537 U.S. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, the defendant's motion is plainly second and successive and barred by 28 U.S.C. § 2244(b)(1). The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to

---

[3] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

IT IS SO ORDERED this 22nd day of December, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01218 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

Jack Ray Austin
18077-076
PO Box 34550
Memphis, TN 38184--055

Honorable James Todd
US DISTRICT COURT